CASE 40—PETITION ORDINARY—JANUARY 12.

## Hamilton vs. Vail.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1 An execution was placed in the hands of a deputy sheriff, who made an indorsement thereof upon it, but before it was levied the sheriff died, and the deputy was appointed a deputy by his successor, and afterwards levied the execution as deputy of the latter. *Held*—That it was the duty of the deputy to complete the execution of the *fi. fa.* as deputy of the former sheriff, and that his successor is not responsible for an illegal levy thereof. (*Rev. Stat., chap.* 91, *art.* 1, *sec.* 23, *p.* 616.)

2. Where an illegal levy of an execution and sale thereunder have been made, the plaintiff purchasing the property for the amount thereof, and the *fi. fa.* returned satisfied, he should have the levy and sale quashed before he proceeds to enforce the liability of the sheriff for such illegal levy.

J. G. BARRET, for appellant, cited *Rev. Stat., sec.* 23, *page* 616.

W. F. BULLOCK, for appellee, cited *Rev. Stat.,* 326 ; *Ib., chap.* 91, *sec.* 8 ; *Ib., chap.* 36, *art.* 13, *sec.* 8 ; *Ib., chap.* 36, *art.* 14, *sec.* 2 ; *Ib., chap.* 36, *art.* 14, *sec.* 4 ; 2 *Bibb,* 186 ; 3 *Ib.,* 359 ; 1 *Mon.,*

146 ; 5 *J. J. Mar.*, 361 ; 1 *Ib.*, 553 ; 4 *Ib.*, 203 ; 2 *Ib.*, 32 ; 4 *Litt.*, 245.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

An execution in favor of Vail against Spear and Hill issued from the clerk's office of the Jefferson circuit court, on the 16th day of April, 1855, and on the next day was placed in the hands of Alexander, one of the deputies of Quiry, who was then the sheriff of Jefferson county. Before this execution was levied, Quiry died, and the appellant Hamilton became his successor. Alexander was appointed a deputy of Hamilton, and afterwards, on the 9th June, 1855, he levied the execution in favor of *Vail vs. Spear and Hill*, (which he had received as the deputy of Quiry, and which had remained in his hands,) upon thirty-five feet of ground, situated in Louisville, as the property of Hill. No sale of this property was made for want of time, as appears from the return indorsed on the execution, which return is signed "Jos. C. Alexander, D. S., for *S. S. Hamilton, S. J. C.*"

Various writs of *venditioni exponas* were subsequently issued, under the last of which the property levied on was sold by a deputy of Megowan, who succeeded Hamilton as sheriff of Jefferson county. At this sale, the appellee, as plaintiff in the execution, bid the amount of his debt and became the purchaser of the property, as shown by the return of the officer. The sale was made in November, 1855.

In September, 1858, Vail brought this action against Hamilton and his sureties. After setting out in detail the foregoing facts, he alleges that just before the commencement of this suit he learned for the first time that he had acquired no title by his purchase ; that Hill did not own the lot levied upon by Alexander, nor did he own any interest therein at the time of the levy ; that said Hill was the surety of Spear in the replevin bond, on which the execution was issued, and is discharged from all liability on the bond ; that he fully relied upon the levy made by Alexander, and believing that the property was liable for the debt, he became the purchaser, and the execution was returned as stated, and he, therefore, claims judgment against

Hamilton and his sureties for the full amount of his debt, interest and costs.

The defendants in their answer insist, among other matters of defense, that Alexander made the levy upon the lot, not as the deputy of Hamilton, but as the deputy of Quiry, and that he made the levy in good faith, believing that the lot was the property of Hill, and that they are not liable for any injury which the plaintiff may have sustained.

Upon the trial there was no controversy in regard to the facts, and the court to whom the law and facts were submitted rendered a judgment against Hamilton (the action having been dismissed as to his sureties) for the full amount claimed by the plaintiff. From that judgment Hamilton has appealed.

It will be thus seen that the state of case presented by the record is rather novel in some of its aspects. The execution in question came to the hands of Alexander as the deputy of Quiry; it was levied by the same person as the deputy of Hamilton, who was the successor of Quiry; and this levy was effectuated by a sale of the property, by a deputy of Megowan, who was the successor of Hamilton. Whether Quiry, or Hamilton, or Megowan was liable to Vail for the loss alleged to have been sustained by him, might be a question of some difficulty, if its solution depended upon the principles and authorities which have been discussed at length in the opinion of the circuit judge.

But it seems to us that all difficulty is removed and the question effectually settled by the Revised Statutes, which provide, that "when a sheriff shall die, or otherwise vacate his office, his deputies shall complete the execution of any process in his or their hands; and their acts or omissions in this particular shall be considered as embraced in his official bond." (*Sec.* 23, *art.* 1, *chap.* 91, *p.* 616.)

It has been shown that the execution in favor of the appellee was in the hands of Alexander, a deputy of Quiry, at the time of the death of the latter. The deputy had made upon the execution the usual indorsement to the effect that it " came to hand 17th April, 1855," which indorsement was signed by him as the deputy of Quiry. The placing of the process in his

hands, of itself created a lien upon all the property of the defendants, and the deputy had thus commenced the execution of the process. Under the section quoted, it was his duty to *complete the execution of it*, as deputy of Quiry, his late principal; and any act or omission of the deputy in that particular is declared to be embraced in the official bond of the principal.

It results inevitably, that if the appellee was entitled to redress at all, it was his duty to look to the representatives or sureties of Quiry, and not to the appellant.

But we deem it proper to remark here, that it is very questionable whether the appellee can be entitled to any relief, until he shall first have quashed the levy and sale under which he purchased, by a direct and appropriate proceeding; for if he should succeed in holding the sheriff or his sureties liable for the alleged illegal levy of the execution, the latter would, upon well settled principles, become entitled to the benefit of the appellee's judgment against the defendants; but this judgment could not be enforced as long as the return upon the execution, showing full satisfaction of the judgment, is permitted to stand. (*Ettlinger, &c., vs. Tansey, &c.*, 17 B. Mon., 364.)

For the reasons suggested the judgment is reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.